IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD JESSE HILL, | No. 2:15-cv-1912-MCE-CMK-P |
|     Petitioner, | |
|  vs. | ORDER |
| K. HOLLAND, | |
|     Respondent. | |
| _____/ | |

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court are several motions petitioner has filed including a motion to appoint counsel (Doc. 8), motions for discovery (Docs. 9, 18), motion for additional fee waiver for legal assistance (Doc. 20), and motion for default judgment (Doc. 21).

      First, as to petitioner's motion to appoint counsel, there currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be

served by the appointment of counsel. Petitioner's request will therefore be denied.

Petitioner is also requesting to be allowed to conduct discovery and costs for legal assistance to obtain documents. Rule 6 of the Rules Governing § 2254 provides that the court may, for good cause, allow discovery and may limit the extent of discovery allowed. See Rule 6(a). A party requesting discovery is required to provide reasons for the request, as well as to include with the request any proposed interrogatories, requests for admission, and specification of any requested documents. See Rule 6(b). Unlike civil litigants, a habeas petitioner is not presumptively entitled to discovery. See Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir. 1999). "Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'" Id. at 1067 (quoting Calderon v. U.S.D.C. (Nicholaus), 98 F.3d 1102, 1106 (9th Cir. 1996)). "A habeas petitioner does not enjoy the presumptive entitlement to discovery of a traditional civil litigant." Id. at 1068 (citing Bracy v. Gramley, 520 U.S. 899, 903-05 (1997)). "The availability of any discovery during a habeas proceeding is committed to the sound discretion of the district court." Campbell v. Blodgett, 982 F.2d 1356, 1358 (9th Cir. 1993)." Good cause may be shown "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).

Here, the undersigned has issued findings and recommendations that this action be dismissed. Therefore, no good cause for engaging in discovery can be found in this case at this time.

Finally, petitioner is requesting entry of default judgment against respondent for respondent's alleged failure to file a response within the time permitted. A default may only be entered against a party if that party has failed to file a responsive pleading. See Rule 55, Federal Rules of Civil Procedure. Here, the court ordered respondent to respond to the petition within 60

days of April 28, 2016.  Respondent filed a motion to dismiss on June 24, 2016, which was within the time permitted.  A motion to dismiss is an acceptable response to a court's order requiring a response to a habeas petition.  See Rule 4, Federal Rules Governing Section 2254 Cases.  As respondent has properly responded to the petition, petitioner's motion must be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for appointment of counsel (Doc. 8) is denied;

2. Petitioner's motions for discovery and legal assistance (Docs. 9, 18, 20) and denied; and

3. Petitioner's motion for default judgment (Doc. 21) is denied.

DATED:  February 7, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE