1

2

3

4

5

6

7

8             **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DONALD JESSE HILL,                      No. 2:15-cv-1912-MCE-CMK-P

12          Petitioner,

13      vs.                                  FINDINGS AND RECOMMENDATION

14   K. HOLLAND,

15          Respondent.

16   _____/

17          Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to

19   dismiss (Doc. 12), petitioner's opposition (Doc. 13), and respondent's reply[1] (Doc. 16).

20          **I.      BACKGROUND**

21          Petitioner is challenging his 1991 conviction out of the Sacramento County

22   Superior Court, for rape and related charges.  His conviction was affirmed on appeal by the

23   California Court of Appeal on February 26, 1993.  Petitioner's petition for review in the

24   California Supreme Court was denied on May 27, 1993.  No petition for writ of certiorari was

25   _____

26      [1]      Respondent requested leave of court to file a late reply (Doc. 15).  Good cause
     appearing therefor, the request is granted and the reply is deemed timely filed.

                                                1

1  filed with the United States Supreme Court.

2        Petitioner filed eleven state post-conviction challenges, including petitions for

3  writ of habeas corpus, petitions for writ of mandate, and petitions for review in the California

4  Supreme Court.  His first state habeas petition was filed on March 19, 2013.

5        **II.     MOTION TO DISMISS**

6        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

7  dismiss a petition if it "plainly appears from the petition and any attached exhibits that the

8  petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing

9  Section 2254 Cases.  The Ninth Circuit has allowed respondents to file a motion to dismiss in

10  lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being

11  in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th

12  Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state

13  remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural

14  grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp.

15  1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss

16  after the court orders a response, and the Court should use Rule 4 standards to review the motion.

17  See Hillery, 533 F. Supp. at 1194 & n.12.  The petitioner bears the burden of showing that he has

18  exhausted state remedies.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

19        Respondent brings this motion to dismiss petitioner's habeas corpus petition as

20  filed beyond the one-year statute of limitations, pursuant to 28 U.S.C. § 2244(d).  Petitioner

21  argues that the statute of limitations is not applicable to his claim because he is only challenging

22  an invalid sentence.  He also contends that the procedural bar set forth in In re Clark, 5 Cal. 4th

23  750, 765 n.5 (1993), was not firmly established prior to his conviction becoming final, and is

24  therefore inapplicable.

25        Federal habeas corpus petitions must be filed within one year from the later of:

26  (1) the date the state court judgment became final; (2) the date on which an impediment to filing

1  created by state action is removed; (3) the date on which a constitutional right is newly-

2  recognized and made retroactive on collateral review; or (4) the date on which the factual

3  predicate of the claim could have been discovered through the exercise of due diligence.  See 28

4  U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court

5  judgment becomes final by the conclusion of direct review or expiration of the time to seek direct

6  review.  See 28 U.S.C. § 2244(d)(1).

7          Where a petition for review by the California Supreme Court is filed and no

8  petition for certiorari is filed in the United States Supreme Court, the one-year limitations period

9  begins running the day after expiration of the 90-day time within which to seek review by the

10  United States Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

11  The limitations period is tolled, however, for the time a properly filed application for post-

12  conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be "properly

13  filed," the application must be authorized by, and in compliance with, state law.  See Artuz v.

14  Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 552 U.S. 3 (2007); Pace v. DiGuglielmo,

15  544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's

16  timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the

17  failure to comply with those time limits precludes a finding that the state petition is properly

18  filed).  A state court application for post-conviction relief is "pending"during all the time the

19  petitioner is attempting, through proper use of state court procedures, to present his claims.  See

20  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered "pending"

21  after the state post-conviction process is concluded.  See Lawrence v. Florida, 549 U.S. 327

22  (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to

23  the Supreme Court was pending).  Where the petitioner unreasonably delays between state court

24  applications, however, there is no tolling for that period of time.  See Carey v. Saffold, 536 U.S.

25  214 (2002).  If the state court does not explicitly deny a post-conviction application as untimely,

26  the federal court must independently determine whether there was undue delay.  See id. at 226-

1    27.

2           There is no tolling for the interval of time between post-conviction applications

3    where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183

4    F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no

5    tolling for the period between different sets of post-conviction applications.  See Biggs v.

6    Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct

7    review and the filing of a state post-conviction application does not toll the limitations period.

8    See Nino, 1983 F.3d at 1006-07.

9           Here, petitioner is challenging a 1991 conviction.  As his conviction became final

10   prior to 1996, his one-year statute of limitations began running on April 25, 1996.  See Miles, 187

11   F.3d at 1105.  Petitioner then had until April 25, 1997 to file his federal petition for writ of

12   habeas corpus.  However, his federal habeas petition was not filed until September 10, 2015.

13   Without tolling, the petition is untimely.

14          As for statutory tolling, petitioner did not file his first state habeas petition until

15   2015, eighteen years after the statute of limitations expired.  A state habeas petition filed after the

16   expiration of the statute of limitations cannot toll the limitations period for filing a federal habeas

17   petition.

18          Petitioner contends that there is no time limit for challenging an invalid sentence.

19   However, he cites to only state law cases where a prisoner was allowed to collaterally attack his

20   incarceration based on a statute that had been declared unconstitutional.  See In re Bartlett, 96

21   Cal. Rptr. 96 (Cal. App. 1971)[2].  Here, petitioner is challenging his sentence on the basis that his

22   sentence was disproportionate and miscalculated,  not that the statute he was convicted under had

23   been declared unconstitutional or otherwise overturned.  Petitioner also appears to be arguing

24   that the timeliness rule set forth in Clark was not clearly established at the time of his conviction.

25   _____

26          [2]     The other cases petitioner cites to are either not applicable or are not accurate
     citations to the cases relies on.

                                                    4

1  However, <u>Clark</u> was decided in 1993, and relied upon a 1949 case, <u>In re Swain</u>, 34 Cal. 2d 300,

2  302, 209 P2d 793 (1949) in holding that a significant delay must be explained.  This was clearly

3  established certainly by 1997 when petitioner's statute of limitations expired.  Petitioner fails to

4  cite to any case showing he has the ability to challenge an invalid sentence in federal court after

5  the expiration of the statute of limitations, regardless of whether the state courts would allow

6  such a challenge.

7           Finally, petitioner mentions he may be actually innocent.  However, his statement

8  is conclusory and he provides no argument or facts to establish his possible claim of actual

9  innocence.  A claim of actual innocence can be an equitable exception to the statute of

10  limitations, not a basis for equitable tolling.   The Ninth Circuit Court of Appeals has found that

11  "a credible claim of actual innocence" may be sufficient to have otherwise time-barred claims

12  heard on the merits.  <u>Lee v. Lampert</u>, 653 F.3d 929, 932-33 (9th Cir. 2011).

13           In <u>Lee</u>, the Court held that a credible claim of actual innocence constitutes an

14  equitable exception to ADEPA's statute of limitations, and a petitioner who makes such a

15  showing may pass through the <u>Schlup</u> gateway and have his otherwise time-barred claims heard

16  on the merits.  <u>See id.</u> (citing <u>Schlup v Delo</u>, 513 U.S. 298, 314-16 (1995)).  Thus, if an

17  otherwise time-barred habeas petitioner demonstrates that it is more likely than not that <u>no</u>

18  reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may pass

19  through the <u>Schlup</u> gateway and have his constitutional claims heard on the merits.  <u>See Lee</u>, 653

20  F.3d at 937 (emphasis added).

21           It is the petitioner's burden to produce sufficient proof of actual innocence to

22  bring him within the narrow class of cases implicating a fundamental miscarriage of justice.  <u>See</u>

23  <u>id.</u>  The petitioner must submit new, reliable evidence that undercuts the reliability of the proof

24  of guilt and is so strong that a court cannot have confidence in the outcome of the trial unless the

25  court is also satisfied that the trial was free of non-harmless constitutional error. <u>See id.</u>  at

26  937–38 (citing <u>Schlup v. Delo</u>, 513 U.S. 298, 314–16 (1995)).  The evidence may be exculpatory

1   scientific evidence, trustworthy eyewitness accounts, and critical physical evidence.  A petitioner

2   must show that it is more likely than not that <u>no</u> reasonable juror would have convicted him in

3   light of the new evidence.  The court considers all new and old evidence and makes a

4   probabilistic determination of what reasonable, properly instructed jurors would do.  <u>See</u> <u>id.</u> at

5   938.  The Court in <u>Lee</u> expressly declined to decide what level, if any, of diligence is required for

6   one raising the equitable exception of actual innocence.  <u>See</u> <u>id.</u> at 934 n. 9.

7          Here, petitioner offers nothing to support any contention that he is actually

8   innocent.  Thus, he has failed to meet his burden.

9          **III.     CONCLUSION**

10          The undersigned finds the petitioner's federal habeas petition is untimely, as it

11   was filed beyond the expiration of the statute of limitations, and petitioner has not met the actual

12   innocence equitable exception to the statute of limitations.

13          Based on the foregoing, the undersigned recommends that respondent's motion to

14   dismiss (Doc. 12) be granted and the petition be dismissed as filed beyond the statute of

15   limitations.

16          These findings and recommendations are submitted to the United States District

17   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

18   after being served with these findings and recommendations, any party may file written

19   objections with the court.  Responses to objections shall be filed within 14 days after service of

20   objections.  Failure to file objections within the specified time may waive the right to appeal.

21   <u>See Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

22

23    DATED:  February 7, 2017

24                                                    _____
                                                      **CRAIG M. KELLISON**
25                                                    UNITED STATES MAGISTRATE JUDGE

26